CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAR 17 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 7:99CR00048 |
| | CASE NO. 7:00CR00022 |
| v. | MEMORANDUM OPINION |
| REGINALD MIMMS. | By: Hon. James C. Turk |
| | Senior United States District Judge |

This matter is before the court upon Defendant Reginald Mimms's "MOTION PURSUANT TO TITLE 28 U.S.C. 1651 ALL WRITS ACT APPLICATION IN AUDITA QUERELA" and his motion for appointment of counsel, which he filed in both of his criminal case numbers. By order entered December 16, 2008, in Case No. 7:99CR00048, the court notified Mimms of the court's intention to construe and address defendant's § 1651 motion as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, unless defendant expressly objected within ten (10) days to the court's intended construction of the motion. See Castro v. United States, 540 U.S. 375, 383 (2003) (requiring court to give defendant opportunity to elect whether criminal motion be addressed as § 2255 motion). Mimms responded to the December 16, 2008, order and clearly indicated that he objected to the court's construction of the submitted motion as a § 2255. By separate order, the court dismissed the motion as a § 2255 without prejudice. However, the court finds that Mimms is not entitled to relief via a writ of Audita Querela.

Defendant Reginald Mimms was convicted in this court on several criminal charges related to drug trafficking and firearms, as the record in the above referenced case numbers reflects. The court consolidated the two cases by order entered May 5, 2000, and on October 19, 2000, sentenced Mimms to a total term of imprisonment of 181 months, which included a sentence of 60 months on Count Two (violation of 18 U.S.C. § 924(c)) in Case No. 7:99CV00048 to be served consecutively

to all his other, concurrent sentences totaling 121 months. Mimms appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentences on July 16, 2002.

To the extent that the writ of audita querela exists in this day and age under the All Writs Act, 28 U.S.C. § 1651, Mimms cannot obtain the relief he desires through such a writ. A writ of audita querela is available where there is a legal objection to a conviction that has arisen subsequent to the conviction and cannot be addressed pursuant to other post conviction remedies. See United States v. Holder, 936 F.2d 1, 2-5 (1st Cir.1991). Mimms claims that a post-conviction, legal objection to his 60-month consecutive sentence under § 924(c) has arisen, based on a 2008 decision by the United States Court of Appeals for the Second Circuit, United States v. Whitley, 529 F.3d 150 (2d Cir. June 16, 2008). Even assuming without finding that a change in circuit court law might form a basis for relief from a federal criminal sentence through the writ of audita querela, the Whitley decision by the Second Circuit is in direct contradiction with a decision by the United States Court of Appeals for the Fourth Circuit, which is controlling law in this court. See United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir. 2001) ("Examining the statute as a whole, particularly in light of the language of § 924(c) and the purpose behind the 1998 amendments, we do not believe that Congress intended to narrow § 924(c) by eliminating mandatory consecutive sentences where another provision imposes a higher mandatory minimum sentence for conduct other than that described in § 924(c)."). As the Studifin decision by the Fourth Circuit forecloses the relief Mimms seeks, the court will deny Mimms's motion. Furthermore, as he has no claim for relief, the court cannot find that appointment of counsel is warranted. An appropriate order shall be issued this day.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to defendant.

ENTER: This 17th day of March, 2009.

/s/ James C. Turk
Senior United States District Judge