CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 7:00-cr-00022** |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| **REGINALD MIMMS,** | ) | By: Hon. James C. Turk |
| Petitioner. | ) | Senior United States District Judge |

Reginald Mimms, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues that he received ineffective assistance of counsel and that police lacked jurisdiction to arrest him, in violation of the Sixth and Fourth Amendments of the United States Constitution. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the motion as untimely filed.

I.

Pursuant to petitioner's guilty plea, the court entered on October 24, 2000, petitioner's convictions for misusing a social security number and illegally possessing drugs and guns.[1] Petitioner appealed, and the Court of Appeals for the Fourth Circuit affirmed his convictions on July 16, 2001. Petitioner did not seek further review by the United States Supreme Court. Petitioner filed the instant motion no earlier than March 9, 2011, when he executed the motion.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456

---

[1] The drug and firearm convictions were from a July 1999 superseding indictment in United States v. Mimms, No. 7:99-cr-00048-1, and the social security conviction was from a March 2000 indictment in United States v. Mimms, No. 7:00-cr-00022. The court noted that these cases were consolidated for entering one judgment against petitioner for both actions. Petitioner's motion to vacate lists both case numbers and the same attorneys represented petitioner in both

U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

However, a one year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

More than one year has passed since petitioner's conviction became final. The time for petitioner to seek review by the Supreme Court expired on October 14, 2001. Therefore,

---

criminal actions. Thus, the court will enter this memorandum opinion and order in both criminal actions.

petitioner had until October 2002 to timely file a § 2255 motion, but petitioner waited more than eight years to file.

Petitioner argues that his petition is timely filed pursuant to § 2255(f)(3) because he filed motions challenging his conviction after the Supreme Court issued Arizona v. Gant, 129 S. Ct. 1710 (2009), on April 21, 2009. However, the United States Supreme Court has not made Gant retroactive to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral' review unless the Supreme Court holds it to be retroactive"). Furthermore, petitioner's attempts to challenge his convictions in other courts after Gant's publication in April 2009 do not address any attempt to file a § 2255 motion before October 2002. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (stating equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Therefore, petitioner failed to file the instant § 2255 motion within one year after his conviction became final, and he is not entitled to equitable tolling. Accordingly, the court dismisses petitioner's § 2255 motion as untimely filed.

III.

For the foregoing reasons, the court orders the Clerk to docket the relevant documents in petitioner's other related criminal action and dismisses petitioner's § 2255 motion to vacate, set aside, or correct sentence as untimely filed. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 14th day of April, 2011.

/s/ James C. Turk
Senior United States District Judge