CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:00-cr-00022-1 / 7:99-cr-00048 |
| v. | § 2255 MEMORANDUM OPINION |
| REGINALD MIMMS,<br>Petitioner. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Reginald Mimms, a federal inmate proceeding pro se, filed a petition for a writ of audita querela, pursuant to 28 U.S.C. § 1651(a). After reviewing the court's records, the court concludes that the request is appropriately filed and dismissed as a successive § 2255 motion. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (stating subject matter of pro se motion determines its status, not its caption).

The court entered petitioner's criminal judgment for misusing a social security number and illegally possessing drugs and firearms. In his petition for a writ of audita querela, petitioner argues that that his convictions are invalid because they were obtained in violation of the Fourth and Sixth Amendments to the United States Constitution.

The writ of audita querela, along with writs of coram nobis, coram vobis and other common law writs, was specifically abolished in federal civil actions by amendments to Fed. R. Civ. P. Rule 60(b), effective in 1948. The United States Supreme Court has recognized, however, that the writ of coram nobis is still available to attack a criminal conviction with jurisdiction vested under 28 U.S.C. §1651(a). See United States v. Morgan, 346 U.S. 502 (1954). Accordingly, courts have generally held that the writ of audita querela may also still be available under extraordinary and extremely rare circumstances. United States v. Reyes, 945 F.2d 862, 865-866 (5th Cir. 1991) (citing other cases). Specifically, the writ of audita querela is available, if at all, where a legal objection to a conviction arises after conviction and could not

have been raised in some other post-conviction proceeding, such as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991). Therefore, a federal prisoner may not challenge a conviction or sentence by way of a petition for a common law writ of audita querela when that challenge is cognizable under § 2255 because that is the statutory post-conviction remedy. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (collecting cases stating audita querela relief is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255).

Petitioner is still in custody pursuant to the criminal judgment he collaterally attacks, and, therefore, relief via a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, is still available to him. The fact petitioner previously filed a § 2255 motion that the court denied does not mean § 2255 relief cannot be pursued or is inadequate. See 28 U.S.C. § 2255(h) (permitting a successive § 2255 motion with permission); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (stating procedural impediments to a § 2255 motion does make such relief inadequate).

Clearly, the claims petitioner raises in his current motion fall squarely within the class of claims that must be construed and treated as "successive" § 2255 claims. Petitioner attempts to frame his collateral attack under the guise of an audita querela petition, but petitioner actually attempts to litigate issues already raised via a § 2255 motion. Therefore, petitioner's instant challenge to his conviction is an attempt to file a successive § 2255 collateral attack on his convictions.

To pursue successive § 2255 relief, petitioner must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because he does not present

any such certification with his current motion, the court must dismiss his successive § 2255 motion without reaching the merits of the claims. Based upon the court's finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 17th day of May, 2011.

/s/ James C. Turk
Senior United States District Judge