CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:00CR00022 |
| | ) | CASE NO. 7:99CR00048 |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| REGINALD MIMMS, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Reginald Mimms, a federal inmate proceeding *pro se*, filed a petition for a writ of *audita querela,* pursuant to 28 U.S.C. § 1651(a). After reviewing the court's records, the court concludes that the request is appropriately construed and summarily dismissed without prejudice as a successive motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255.[1] See *Calteron v. Thompson*, 523 U.S. 538, 554 (1998) (stating subject matter of *pro se* motion determine its status, not its caption).

The record indicates that Mimms pleaded guilty, pursuant to a written plea agreement, to charges in two separate indictments that he illegally possessed drugs and a firearm and misused a social security number, and the court entered judgment in both cases on October 24, 2009. Mimms asserts in his petition that his drug and firearm convictions were obtained in violation of his Fourth Amendment rights, as interpreted in recent decisions by the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court.

Common law writs, including the writ of *audita querela*, the writ of *coram nobis*, and others, were specifically abolished in federal civil actions by amendments to Fed. R. Civ. P. Rule 60(b), effective in 1948. The United States Supreme Court has recognized, however, that the

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

writ of *coram nobis* is still available to attack a criminal conviction with jurisdiction vested under 28 U.S.C. § 1651(a). *See United States v. Morgan*, 346 U.S. 502 (1954). Accordingly, courts have generally held that the writ of *audita querela* may also still be available under extraordinary and extremely rare circumstances. *United States v. Reyes*, 945 F.2d 862, 865-66 (5th Cir. 1991) (citing other cases). Specifically, the writ of *audita querela* is available where a legal objection to a conviction arises after conviction and could not have been raised in some other post-conviction proceeding, such as a § 2255 motion. *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991). A federal prisoner, however, may not challenge a conviction or sentence through a petition for a common law writ of *audita querela* when the prisoner can assert the same challenge to the conviction under § 2255. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (collecting cases stating *audita querela* relief is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise have been raised in a § 2255 motion).

Mimms is still in custody pursuant to the criminal judgment he collaterally attacks. Therefore, relief via a § 2255 motion is still available to him. The fact that this defendant previously filed a § 2255 motion that the court denied does not mean that § 2255 relief is unavailable or inadequate so as to open the door to his pursuit of a common law writ. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (noting that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion. . . .") (omitting citations). The Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

Case 7:00-cr-00022-JCT-RSB    Document 54    Filed 02/07/12    Page 2 of 4    Pageid#: 129

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

To state a claim for relief under § 2255, defendant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The claims that Mimms raises in his current motion–that his sentence was imposed in violation of a constitutional provision–fall squarely within the class of claims that could have been raised in a § 2255 motion. Mimms fails to demonstrate that the substantive law has been changed since his conviction in such a way that the conduct for which he stands convicted–possessing drugs and a firearm in violation of federal statutory provisions–is no longer criminal. Therefore, Mimms cannot satisfy the three-part standard under *Jones*, 226 F.3d at 333-34, as he must do in order to attack his conviction through an *audita querela* or other common law writ. For this reason, the court construes his motion instead as a § 2255 motion.

Mimms previously filed a § 2255 motion, which the court denied as untimely filed. *See Mimms v. United States*, 7:06CV00013 (W.D. Va. 2006), appeal dismissed, 198 F. App'x 328 (4th Cir. 2006). Therefore, Mimms' current § 2255 motion is successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Because Mimms offers no indication that he has

3

obtained certification from the court of appeals to file a second or successive § 2255 motion, the court must dismiss his current action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 7th day of February, 2012.

/s/ James C. Turk
Senior United States District Judge